**CHUNHUA DENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 06–71986.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 22, 2008.*

Filed May 1, 2008.

Douglas G. Ingraham, for Petitioner.

Kevin J. Conway, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Chunhua Deng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and her motion to reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's decision to deny asylum and withholding of removal and CAT, and for abuse of discretion the denial of a motion to reopen, *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny in part and grant in part the petition for review.

Substantial evidence supports the agency's finding that Deng failed to meet her burden of proof with respect to asylum and withholding of removal. We give special deference to a credibility finding that is based on demeanor. *See Singh–Kaur v. I.N.S.,* 183 F.3d 1147, 1151 (9th Cir.1999). Because the IJ had reason to question Deng's testimony, it was proper for the IJ to require corroborating evidence to support her claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1045 (9th Cir.2001).

Deng necessarily failed to meet the more stringent standard for withholding of removal, because she failed to establish eligibility for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–1157 (9th Cir. 2003). Because Deng's CAT claim is based on the same statements found to be not credible, and she does not point to any other evidence in the record that would compel a finding that it would be more likely than not that she would she would be tortured if returned to China, substantial evidence supports the BIA's denial of CAT. *See id.*

The BIA abused its discretion in denying Deng's motion to reopen to address her possible entitlement for adjustment of status based on her marriage because she provided evidence that, if believed, would show her marriage was bona fide, and she was not given an opportunity to explain the circumstances of her divorce in China. *See Malhi,* 336 F.3d at 994; *see also Ghadessi v. INS,* 797 F.2d 804, 806–07 (9th Cir.1986) (faulting BIA for weighing quality, rather than sufficiency of evidence, in a motion to reopen).

Deng's motion for judicial notice is granted.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.